**NATIONAL LABOR RELATIONS BOARD v. CASHMAN AUTO CO. et al.**

No. 4681.

United States Court of Appeals First Circuit.

Dec. 11, 1952.

The terms of the remedial order were appropriate and within the discretion confided to the administrative agency.

A decree will be entered enforcing the order of the Board.

Louis Libbin, Washington, D. C. (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, Frederick U. Reel and Henry Rose, Washington, D. C., on brief), for petitioner.

Bernard Helman and Joseph A. McVeigh, both of Boston, Mass., for respondents without brief or argument.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

Upon administrative findings that respondents had violated § 8(a)(1) and § 8(a)(3) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 158(a)(1, 3), the Board issued its order against respondents in the usual terms, including a requirement that respondents reinstate with back pay three employees found to have been discriminatorily discharged for union activity. The present petition by the Board is for enforcement of this order.

Though the respondents filed elaborate Exceptions to the Trial Examiner's Intermediate Report, which exceptions the Board overruled in its Decision and Order, respondents offered no defense in this court to the pending enforcement petition either by way of brief or oral argument.

Upon consideration of the whole record in the case, we are satisfied that the Board's jurisdiction has been adequately established, and that the Board's findings of fact, upon which the order was predicated, were supported by substantial evidence.