**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CASHMAN AUTO COMPANY et al., Respondents.**

No. 4681.

United States Court of Appeals First Circuit.

Argued May 2, 1955.

Decided June 22, 1955.

Arnold Ordman, Atty., N.L.R.B., Washington, D. C., with whom Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., was on motion, for petitioner.

Joseph A. McVeigh, Boston, Mass., with whom Bernard Helman, Boston, Mass., was on memorandum in opposition to motion, for respondents.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

We entered a decree in this case on December 11, 1952, wherein in accordance with a per curiam opinion of that date, 1 Cir., 200 F.2d 412, we ordered enforcement of an order of the National Labor Relations Board requiring the respondents, among other things, to reinstate with back pay three employees found to have been discriminatorily discharged for union activity. Informal negotiations to fix the precise amount of back pay due these employees failing, the Board ordered a supplemental hearing before a trial examiner for the purpose of taking evidence and determining that issue. At the hearing the parties reached an agree-

ment as to the amount of back pay due one of the employees, Pignato, and the hearing proceeded as to the other two, Shawcross and Marshall. The Board affirmed the trial examiner's finding that these two were entitled to back pay in the net amounts of $1,866.83 and $1,403.81 respectively, and now petitions this court for the entry of a decree enforcing its supplemental order directing the respondents to pay the above sums to these two men.

The respondents resist the issuance of such a decree on three grounds. Their first contention is that the Board erred in affirming the trial examiner in revoking and quashing, in the absence of a motion to that effect, a certain subpoena *duces tecum* issued prior to the hearing by the Board's Regional Director on the respondents' application directing the person in charge of the records of the Division of Employment Security of the Commonwealth of Massachusetts to produce the employment, registration, job referral, and other records of the Division pertaining to Shawcross and Marshall.

It is conceded that this subpoena was issued in accordance with the Board's Rules and Regulations, Series 6, implementing § 11(1) of the Labor Management Relations Act, 61 Stat. 150 (1947), 29 U.S.C.A. § 161(1), which requires the Board, or any member thereof, to issue subpoenas forthwith on the application of any party to a proceeding before it. Furthermore it is conceded that the subpoena was duly and properly served on the general counsel of the Massachusetts Division of Employment Security and that it was returnable on the opening day of the hearing before the trial examiner. The general counsel for the Division did not promptly petition the Board to revoke the subpoena on the ground that the evidence demanded was immaterial or was not described with sufficient particularity, which would have raised an issue for decision by the Board under § 11(1) of the Act wherein it is provided: "Within five days after the service of a subpena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpena does not describe with sufficient particularity the evidence whose production is required." Instead he flatly refused to obey the subpoena on the ground of a statutory privilege, for he wrote to counsel for the respondents two days before the subpoena was returnable and the hearing was to open as follows:

"Confirming telephone conversation with your Office, inasmuch as information obtained pursuant to the Massachusetts Employment Security Law is confidential (General Laws, Chapter 151A, Section 46) and cannot be divulged,[1] we are, therefore, returning to you herewith our check for $4.50 representing witness fees."

By refusing to obey the subpoena, general counsel for the Division of Employment Security raised no question for decision by the Board, for nowhere in § 11(1) supra, of the Act, or elsewhere, is the Board given power to enforce obedience to its subpoenas. That power is conferred exclusively upon the district courts of the United States by § 11(2) of the Act which provides:

"In case of contumacy or refusal to obey a subpena issued to any person, any district court of the United States or the United States courts of any Territory or possession, or the District Court of the United States for the District of Columbia, within the jurisdiction of which the inquiry is carried on or within the ju-

1. In addition the above law provides: "Whoever * * * shall disclose the same, shall be punished by a fine of not more than one hundred dollars or by imprisonment for not more than six months, or both * * *."

risdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof."

Since the Board lacked statutory authority to enforce its subpoena it had no power to pass upon the question of privilege raised by general counsel for the Division of Employment Security. Its decision affirming the trial examiner in quashing the subpoena is, therefore, a nullity and is not before us for consideration.

■ The question of privilege should have been presented to the local district court under § 11(2) of the Act in conformity with the procedure set out in subsection (d) of § 102.31 of the Board's Rules and Regulations which provides: "Upon the failure of any person to comply with a subpena issued upon the request of a private party, the general counsel shall in the name of the Board but on relation of such private party, institute proceedings in the appropriate district court for the enforcement of such subpena, but neither the general counsel nor the Board shall be deemed thereby to have assumed responsibility for the effective prosecution of the same before the court." Counsel for the respondents ought, therefore, to have promptly notified the general counsel for the Board of the refusal of the Division of Employment Security to respond to the subpoena, and then, upon the institution of proceedings by the general counsel in the local district court, counsel for the respondents should have assumed responsibility for prosecuting his contention in that court. The statement by counsel for the respondents made to the trial examiner at the conclusion of the evidence, "I would simply add that I would request the General Counsel to institute proceedings for the securing of such records in order to be used at this hearing," cannot possibly be construed as the prompt notification to general counsel for the Board required by Rule 102.31(d) supra.

■ The respondents' second contention is that the Board erred in awarding Shawcross and Marshall any back pay at all for the reason that in the interval between their discharge and the respondents' offer to reinstate them in their employment they undertook with little success to operate an automobile repair business of their own. The argument is that by voluntarily choosing self-employment they automatically removed themselves from the labor market and so assumed the risk of losing wages they might otherwise have earned. We do not agree.

■ Section 10(c) of the Act, 61 Stat. 147, 29 U.S.C.A. § 160(c), provides that in the event of a finding by the Board upon the preponderance of the testimony that the person named in the complaint is or has been engaged in an unfair labor practice, it may order that person to cease and desist therefrom and in addition thereto "to take such affirmative action including reinstatement of employees with or without back pay, as will effectuate the policies of this Act". The Board, in carrying out this broad statutory mandate has, so far as we know uniformly, required wrongfully discharged employees to mitigate their damages by seeking employment elsewhere, and if they find it, awarded as back pay the difference between actual earnings and what the earnings would have been but for the wrongful discharge. Under the Act the Board can, and no doubt in applying its rule of mitigation of damages it would, order a wrongfully discharged employee reinstated without back pay if it should find that the employee had voluntarily neglected to seek or refused to take available interim employment suited to his abilities and skills. But this is not a comparable situation.

Shawcross and Marshall did not voluntarily refuse available employment at their trade and instead elect recklessly to embark on a risky business venture of their own. The Board found on wholly adequate evidence that both men sought employment promptly after they were discharged, but were unsuccessful, and in this situation, both being experienced automobile mechanics and both being in financial need, they undertook to establish a small repair business of their own in an unused stable which they pursued with such hand tools as they owned, while they continued their search for employment. There is no essential incompatibility between operating a business of one's own while at the same time seeking employment as these men did. Their business was small and their customers few and sporadic so they did not necessarily doom their business to failure because sometimes one went job hunting while the other ran the business, or because sometimes they closed their shop and both went out to seek employment. The most that can be said is that their judgment was poor in not putting in full time at their repair shop, or that their managerial and bookkeeping skills were so undeveloped that it was poor judgment for them to have undertaken their business venture at all. But the principle of mitigation of damages does not require success; it only requires an honest good faith effort, and the Board found on ample evidence that both men made such an effort.

The respondents' third contention is that the business records kept by Shawcross and Marshall were fragmentary and generally unreliable and inadequate, and hence afforded no sufficient evidentiary basis for the conclusion of the trial examiner and the Board that the earnings of the business venture during the back-pay period amounted to only $653.36, which it divided equally between the two and deducted from the stipulated amount each would have earned in the respondents' employment but for his wrongful discharge. We have examined this con-tention and find it too insubstantial to warrant discussion. It will suffice to say that the Board made a reasonable and logical deduction from the data available.

A decree will be entered enforcing the supplemental order of the Board.