## Orville WOODLAND v. UNITED STATES of America.

### No. 4284.

United States Court of Appeals
Tenth Circuit.
May 21, 1951.

Dean N. Clayton, Ogden, Utah, for appellant.

Scott M. Matheson, U. S. Atty. and Bryant H. Croft, Asst. U. S. Atty., Salt Lake City, Utah, for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PER CURIAM.

Appeal dismissed May 21, 1951, pursuant to stipulation of the parties.

## J. B. EDWARDS, Secretary-Treasurer Reliance Clay Products Company, Individually, and Reliance Clay Products Company, Appellants v. NATIONAL LABOR RELATIONS BOARD, Appellee.

### No. 13420.

United States Court of Appeals
Fifth Circuit.
June 30, 1951.
Rehearing Denied Aug. 10, 1951.

Fritz Lyne, Dallas, Tex., for appellants.

Arnold Ordman, Attorney, A. Norman Somers, Asst. General Counsel, David P. Findling, Associate General Counsel, National Labor Relations Bd., all of Washington, D. C., Elmer P. Davis, Chief Law Officer, Forth Worth, Tex., for appellee.

Before McCORD, RUSSELL and RIVES, Circuit Judges.

PER CURIAM.

The Court did not err in directing obedience to the subpoena duces tecum against the contention that it was invalid because, in the circumstances, its issuance constituted an unlawful delegation of power by the National Labor Relations Board to the Regional Director. N. L. R. B. v. John S. Barnes Corp., 7 Cir., 178 F.2d 156.

Judgment affirmed.

## Charles Lee McINTOSH, Petitioner, v. Honorable Mell UNDERWOOD, Respondent.

### No. 11378.

United States Court of Appeals
Sixth Circuit.
June 20, 1951.

Before HICKS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

It appearing that the respondent herein on April 20, 1951 filed his response to the order to show cause issued herein on April 9, 1951, which shows that said respondent on April 4, 1951 entered an order denying petitioner leave to proceed in forma pauperis in the matter upon which petitioner's complaint was based;

And said response being deemed sufficient;

It is ordered that petitioner's application for Mandamus be denied and this proceeding dismissed.