LEWIS ET AL. *v.* NATIONAL LABOR
RELATIONS BOARD.

No. 684.   Argued May 21, 1958.—Decided June 9, 1958.

*Ray L. Johnson, Jr.* argued the cause for petitioners. With him on a brief was *William M. Farrer* for Lewis et al., petitioners.

*Norton J. Come* argued the cause for respondent. With him on the brief were *Solicitor General Rankin, Jerome D. Fenton, Thomas J. McDermott, Dominick L. Manoli* and *Duane Beeson.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This is a companion case to *Labor Board* v. *Duval Jewelry Co., ante,* p. 1, decided this day. While the latter was a representation proceeding under the National Labor Relations Act, the present case is an unfair labor practice proceeding. It was commenced on the issuance of a complaint charging violations of § 8 of the Act, 61 Stat. 136, 140, 29 U. S. C. § 158, both by petitioner-employer and by petitioner-union. Subpoenas *duces tecum* and *ad testificandum* were issued by the Regional Director under the seal of the Board and the facsimile signature of a member. On the day of the hearing petitioners all moved that the subpoenas be revoked. One ground was that they had not been properly issued. Another was that they were issued at the request of the General Counsel of the Board who, it was alleged, was not a "party" to the proceeding within the meaning of the Act.[1] The motions, which were addressed to the Board,

[1] Section 11 (1) of the Act provides:

"For the purpose of all hearings and investigations, which, in the opinion of the Board, are necessary and proper for the exercise of the powers vested in it by section 9 and section 10—

"(1) The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. The Board, or any member thereof, shall upon

were referred to the trial examiner over objection of petitioners. He denied them. Petitioners refused to appear in response to the subpoenas; and the hearing was continued until they could be enforced. Thereafter the present suit was instituted in the District Court for their enforcement. The District Court denied enforcement on the authority of *Labor Board* v. *Pesante,* 119 F. Supp. 444. The Court of Appeals reversed. 249 F. 2d 832. The case is here on a writ of certiorari. 355 U. S. 929.

1. *Delegation of authority over the revocation of subpoenas.*—The express authority of the Board to revoke extends only to subpoenas "requiring the production of any evidence," not to subpoenas requiring the attendance and testimony of witnesses.[2] So the argument that Congress has disallowed delegation extends only to the subpoenas *duces tecum.* What we have said in *Labor Board* v. *Duval Jewelry Co., supra,* disposes of the argument that the Board has no authority to delegate to a trial examiner the power to rule on motions to revoke those

---

application of any party to such proceedings, forthwith issue to such party subpenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application. Within five days after the service of a subpena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpena does not describe with sufficient particularity the evidence whose production is required. Any member of the Board, or any agent or agency designated by the Board for such purposes, may administer oaths and affirmations, examine witnesses, and receive evidence. Such attendance of witnesses and the production of such evidence may be required from any place in the United States or any Territory or possession thereof, at any designated place of hearing."

[2] See § 11 (1), *supra,* note 1.

subpoenas [3] reserving to itself the final decision in the matter.[4] The provisions of those Rules being substantially the same in this type of case as in the representation cases, the results in the two cases should be the same. We

---

[3] Section 102.31 (b) of the Board's Rules and Regulations, 29 CFR, 1958 Cum. Pocket Supp., provides:

"Any person subpenaed, if he does not intend to comply with the subpena, shall, within 5 days after the date of service of the subpena upon him, petition in writing to revoke the subpena. All petitions to revoke subpenas shall be served upon the party at whose request the subpena was issued. Such petition to revoke, if made prior to the hearing, shall be filed with the regional director and the regional director shall refer the petition to the trial examiner or the Board for ruling. Petitions to revoke subpenas filed during the hearing shall be filed with the trial examiner. Notice of the filing of petitions to revoke shall be promptly given by the regional director or the trial examiner, as the case may be, to the party at whose request the subpena was issued. The trial examiner or the Board, as the case may be, shall revoke the subpena if in its opinion the evidence whose production is required does not relate to any matter under investigation or in question in the proceedings or the subpena does not describe with sufficient particularity the evidence whose production is required. The trial examiner or the Board, as the case may be, shall make a simple statement of procedural or other grounds for the ruling on the petition to revoke. The petition to revoke, any answer filed thereto, and any ruling thereon, shall not become part of the official record except upon the request of the party aggrieved by the ruling."

[4] Section 102.26 of the Rules provides:

"All motions, rulings, and orders shall become part of the record, except that rulings on motions to revoke subpenas shall become a part of the record only upon the request of the party aggrieved thereby, as provided in § 102.31. Unless expressly authorized by the rules and regulations, rulings by the regional director and by the trial examiner on motions, by the trial examiner on objections, and orders in connection therewith, shall not be appealed directly to the Board except by special permission of the Board, but shall be considered by the Board in reviewing the record, if exception to the ruling or order is included in the statement of exceptions filed with the Board, pursuant to § 102.46. Requests to the Board for special permission to appeal from such rulings of the regional director

therefore find it unnecessary to consider the argument pressed on us that § 7 (b) of the Administrative Procedure Act,[5] 60 Stat. 237, 241, 5 U. S. C. § 1006, grants a power withheld by the National Labor Relations Act. The power to make the revocation procedure applicable to subpoenas *ad testificandum* seems clear from the authority of the Board contained in § 6 of the Act "to make . . . such rules and regulations as may be necessary to carry out the provisions of this Act."

2. *Issuance of subpoenas by the Regional Director.*— The Act makes clear[6] that the issuance of subpoenas is mandatory. "The Board, or any member thereof, shall upon application of any party . . . forthwith issue . . . subpenas . . . ." The only function remaining is min-

---

or the trial examiner shall be filed promptly, in writing, and shall briefly state the grounds relied on. The moving party shall immediately serve a copy thereof on each other party."

[5] Section 7 (b) provides:

"In hearings which section 4 or 5 requires to be conducted pursuant to this section—

.          .          .          .          .

"Officers presiding at hearings shall have authority, subject to the published rules of the agency and within its powers, to (1) administer oaths and affirmations, (2) issue subpenas authorized by law, (3) rule upon offers of proof and receive relevant evidence, (4) take or cause depositions to be taken whenever the ends of justice would be served thereby, (5) regulate the course of the hearing, (6) hold conferences for the settlement or simplification of the issues by consent of the parties, (7) dispose of procedural requests or similar matters, (8) make decisions or recommend decisions in conformity with section 8, and (9) take any other action authorized by agency rule consistent with this Act."

It should be noted that representation proceedings such as were involved in *Labor Board* v. *Duval Jewelry Co., supra,* are excepted from some of the requirements of the Administrative Procedure Act. See § 4.

[6] See § 11 (1), *supra,* note 1.

isterial.[7] Consequently the Board supplies blank subpoenas bearing its seal and the facsimile signature of a Board member to its regional offices and trial examiners. Upon application of a proper party the subordinate official automatically issues the subpoena to the applicant. There is here involved no delegation of any act entailing the exercise of discretion, as in *Cudahy Packing Co.* v. *Holland,* 315 U. S. 357. The agents issuing the subpoenas perform ministerial acts only. We cannot read the Act to mean that these burdensome details should be performed by Board members in faraway Washington, D. C. The command of the Act is to issue the subpoena "forthwith" on "application of any party." Identification of the party hardly rises to the dignity of the discretionary act which is confided solely to the agency heads. This has been the consistent view of the law in the lower courts; [8] and we think it is the correct one.

3. *The General Counsel of the Board as a "party."*— The Act does not define the term "party"; but it does make clear that the role of the General Counsel is a major one. By § 3 (d) of the Act he is given "final authority"

---

[7] Section 11 (1) was rewritten by the Taft-Hartley Act, 61 Stat. 136, 29 U. S. C. § 151 *et seq.* Senator Taft said concerning it, 93 Cong. Rec. 6445:

"Section 11 authorizes the Board to conduct hearings and investigations and to subpena witnesses. This section was not changed in the Senate amendment and was modified by the conferees in *only one respect.* The Board is required upon application of any party to issue a subpena as a matter of course. A procedure is established whereby the person subpenaed may move to quash the subpena if the evidence requested thereby does not relate to any matter under investigation or does not describe with sufficient particularity the evidence required." (Italics added.)

[8] See *Labor Board* v. *John S. Barnes Corp.,* 178 F. 2d 156; *Edwards* v. *Labor Board,* 189 F. 2d 970; *Jackson Packing Co.* v. *Labor Board,* 204 F. 2d 842; *Labor Board* v. *Gunaca,* 135 F. Supp. 790, aff'd 230 F. 2d 542.

respecting the investigation of charges, the issuance of complaints, and the prosecution of complaints before the Board.[9]  The General Counsel is, indeed, indispensable to the prosecution of the case.  He vindicates the public interest, performing functions previously performed by the Board itself.[10]  See *National Licorice Co.* v. *Labor Board,* 309 U. S. 350, 352.  Plainly the issuance of subpoenas may often be essential to the performance of that role.  To relegate him to a lesser role than that of a "party" is to overlook the critical role he performs in enforcement of the Act.

*Affirmed.*

---

[9] Section 3 (d) reads as follows:

"There shall be a General Counsel of the Board who shall be appointed by the President, by and with the advice and consent of the Senate, for a term of four years.  The General Counsel of the Board shall exercise general supervision over all attorneys employed by the Board (other than trial examiners and legal assistants to Board members) and over the officers and employees in the regional offices. He shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 10, and in respect of the prosecution of such complaints before the Board, and shall have such other duties as the Board may prescribe or as may be provided by law."

[10] Section 3 (d) of the Act effected an important change over the earlier Wagner Act.  It was designed to separate the prosecuting from the adjudicating function, to place the former in the General Counsel, and to make him an independent official appointed by the President and confirmed by the Senate for a term of years.  See H. R. Rep. No. 245, 80th Cong., 1st Sess. 26; H. R. Rep. No. 510, 80th Cong., 1st Sess. 37; statement of Senator Taft, 93 Cong. Rec. 6859.