**NATIONAL LABOR RELATIONS BOARD, Applicant,**

v.

**C. E. STRICKLAND and Billy Sturdivant, Respondents.**

**Civ. No. 4572.**

United States District Court
W. D. Tennessee, W. D.
May 29, 1962.

Stuart Rothman, Gen. Counsel, Henry L. Jalette, Regional Atty., for NLRB.

Lowell Goerlich, Washington, D. C., John W. Hart, Union City, Tenn., for defendants.

BAILEY BROWN, District Judge.

This proceeding involves an application filed under § 11(2) of the National Labor Relations Act, 29 U.S.C.A. § 161 (2), for and on behalf of the National Labor Relations Board (herein called the Board) by its General Counsel for an Order requiring Respondents C. E. Strickland and Billy Sturdivant to obey certain subpenas ad testificandum issued by the Board.

The General Counsel of the Board has heretofore issued a § 8(b) (1) (A) unfair labor practice Complaint against and Notice of Hearing to certain labor organizations, of which the Respondents allegedly are members and officials, in connection with allegedly unlawful conduct during a strike at Union City, Tennessee. Prior to the hearing in Union City on April 24, 1962, an attorney for the General Counsel, on April 16, requested in writing that the Regional Director cause to be issued, under §

11(1) of the Act, subpenas ad testificandum, directing the Respondents to appear and testify at the hearing. The Regional Director issued the requested subpenas on April 16 under seal of the Board and proceeded to serve them on the Respondents by registered mail.

The Respondents appeared at the hearing but refused to testify, complaining that, among other things, the subpenas had not been served or properly served upon them. No proof of service of the subpenas was made. Respondents made no attempt to have the subpenas revoked, either by the Trial Examiner or the Board, under the procedures specified in the Regulations, 29 C.F.R. § 102.-31(b). The Trial Examiner did not purport to rule on the validity of the service of the subpenas. On application by counsel representing the General Counsel at the hearing, the Trial Examiner granted a continuance to allow counsel to apply to this Court for an order requiring the Respondents to testify.

At a hearing in this Court held on May 17 the following proof was presented. The Respondent Strickland testified that the signature "C. E. Strickland" which appears on the registered mail receipt was not his signature, and in addition, a comparison with other signatures, admittedly his signatures, confirms this. He further testified that, though the return receipt shows it was delivered on April 17, he found a copy of the subpena on his desk approximately two days before the hearing and that he is an International Representative of the Union but maintains his desk in the building owned and operated by the Local of the Union in Memphis, Tennessee. He further testified that he had no knowledge as to who signed his name to the registered mail receipt nor does he know to whom the letter containing the subpena was in fact delivered.

The Respondent Sturdivant testified that his wife, when calling at their home post office at Kenton, Tennessee, was advised that the post office had a registered mail letter for him, for which she then

signed and accepted delivery. This return receipt shows that it was received by Mrs. Sturdivant on April 18, and Respondent Sturdivant testified that he received the subpena the same day from his wife.

It is not contended by Respondents that this Court does not have jurisdiction over the subject matter or over the persons of the Respondents, and it appears clear that this Court does so have jurisdiction. See: § 11(2) of the Act, 29 U.S.C.A. § 161(2); Goodyear Tire & Rubber Co. v. N. L. R. B., 122 F.2d 450, 136 A.L.R. 883 (6th Cir.1941); N. L. R. B. v. Northern Trust Co., 148 F.2d 24, 28 (7th Cir.1945), cert. denied, 326 U.S. 731, 66 S.Ct. 38, 90 L.Ed. 435; and Lewis v. N. L. R. B., 357 U.S. 10, 78 S.Ct. 1029, 2 L.Ed.2d 1103 (1958).

In their answer filed in this Court as well as at the hearing Respondents insisted that this Court could not or at least should not issue an order requiring them to testify for three separate reasons. (1) Their first contention is that the Trial Examiner should have ruled on the question whether the subpenas were properly served, and if he had ruled that the subpenas were validly served, they then could have appealed to the Board the ruling of the Trial Examiner; (2) secondly, Respondents contend that this Court has discretion as to whether it will issue such an order in any event and that it should not so exercise its discretion in this proceeding; (3) thirdly, Respondents contend that, under the Act and the Regulations issued thereunder, the subpenas were not validly served upon them and therefore they had no obligation to testify at the hearing before the Trial Examiner.

The first ground upon which Respondents rely is not well taken for the reason that § 11(2) of the Act simply does not require a review by the Board on application by a witness of action by a Trial Examiner in ordering a witness to testify. See N. L. R. B. v. Northern Trust Co., supra. Rather, this subsection of the Act as interpreted by the Regulations contemplates, upon such a refusal, an application to this Court to

determine whether the witness was contumacious in so refusing, " * * * unless in the judgment of the Board the enforcement of such subpena would be inconsistent with law and with policies of the act." 29 C.F.R. § 102.31(d).

In support of their second ground for resisting this order, the Respondents contend that the Order should not issue because (a) there is a civil damage suit pending against them in the Circuit Court of Obion County at Union City and that testimony elicited from them at the hearing before the Trial Examiner may be valuable to the employer (plaintiff in that suit) in maintaining its suit and because (b) the strike is now ended and therefore the question whether the Respondents and other members of the Union participated in an unfair labor practice is now moot. The cases relied upon by Respondents in urging this Court not to so exercise its discretion deal with subpenas *duces tecum,* and indicate that, if the subpena is oppressive, the Court may exercise its discretion not to require production of the documents, but we do not, of course, have this situation here. See, for example, Goodyear Tire & Rubber Co. v. N. L. R. B., supra; Jackson Packing Co. v. N. L. R. B., 204 F.2d 842 (5th Cir. 1953); and N. L. R. B. v. United Aircraft Corp., 200 F.Supp. 48 (D.Conn. 1961).

Inasmuch as the purpose of the Act is to promote harmony with respect to labor relations, the Board cannot be prevented from making an orderly and thorough investigation of an unfair labor practice complaint because one party or the other to the disptue, the employer or employees, has pending civil litigation growing out of the dispute. Moreover, this ground of exemption from testifying at the hearing is by implication excluded by the Act as there is a specific provision in § 11(3) of the Act giving persons who testify at a Board hearing immunity from *criminal* prosecution. And though it appears from statement of counsel for the Respondents that the strike has now ended, which the Court assumes to be true, this would not

make moot the issues raised by the unfair labor practice complaint. Lastly, as heretofore stated, under the Regulations, 29 C.F.R. § 102.31(d), it is for the Board to exercise its judgment as to whether an application to a Court will be made, and the Board has so exercised its judgment here.

In support of their contention that the subpenas were not validly served Respondents argue that there is no statutory authority for service of subpenas by registered mail to testify at a hearing.

█ It appears to the Court that, while it does not specifically refer to subpenas, § 11(4) of the Act does provide for service by registered mail. This provision states in part as follows:

"Complaints, orders, and other process and papers of the Board, its member, agent or agency, may be served either personally or by registered mail or by telegraph or by leaving a copy thereof at the principal office or place of business of the person required to be served. The verified return by the individual so serving the same setting forth the manner of such service shall be proof of the same, and the return post office receipt or telegraph receipt therefor when registered and mailed or telegraphed as aforesaid shall be proof of service of the same."

As § 11(1) of the Act authorizes the issuance of subpenas by the Board on the request of a party (and the General Counsel has been held to be a "party", Lewis v. N. L. R. B., supra) it seems clear that § 11(4) was intended to cover the method of serving subpenas as well as other papers. Certainly this provision is broad in its sweep, and if it does not cover the serving of subpenas, there is no provision in the Act therefor. The Regulations issued under the Act, 29 C.F.R. § 102.111(a), have adopted this interpretation of the Act.

██ As to the Respondent Strickland, there is a question as to whether or not this subpena was invalid because, it is contended, the subpena was not served on him more than five days prior to the hearing. Here we will assume that Strickland was not "served" until he personally received a copy of the subpena two days before the hearing. It is true that § 11(1) of the Act allows a person served with a subpena *duces tecum* five days within which to file a petition with the Board to revoke the subpena. See Lewis v. N. L. R. B., supra, 357 U.S. at 12, 78 S.Ct. at 1030. It is also true that under the Regulations, 29 C.F.R. § 102.31 (b), one served with either a subpena *duces tecum* or a subpena *ad testificandum* may file a petition to revoke the subpena with the Board within five days after the service thereof. From this it is argued that the subpenas must be served more than five days prior to the hearing in order that the person served will have five full days to file a petition to revoke with the Board. However, this Regulation, properly construed, also provides that a subpena *duces tecum* or *ad testificandum* served either *before* or *during* the hearing may be revoked by the Trial Examiner on a petition made at the hearing. This being true, we do not believe it can be said that a subpena *ad testificandum* must be served more than five days before the hearing simply because it is provided that five days are allowed to apply to the Board for revocation of such a subpena. Although the provision in the Regulation authorizing a Trial Examiner to revoke a subpena *duces tecum* served before the hearing upon application made at the hearing might be in conflict with § 11(1) of the Act, certainly that part of the Regulation which vests this authority in the Trial Examiner with respect to subpenas *ad testificandum* could not be said to be in conflict with that section of the Act. Moreover, § 6 of the Act authorizes the Board to make such rules and regulations as may be necessary to carry out the provisions of the Act. See Lewis v. N. L. R. B., supra, 357 U.S. at 14, 78 S.Ct. at 1031. It therefore appears that neither Respondent was excused from testifying be-

cause the subpenas were not timely served.

It remains to be considered whether these subpenas were properly served. In support of his contention that the subpenas were properly served, it is the General Counsel's position that, because § 11(4) of the Act allows service by registered mail, and since service was had, according to him, by registered mail, Respondents were properly served. In short, it is the General Counsel's contention that, as these subpenas were mailed by registered mail and properly addressed to the Respondents, and since they actually received the subpenas in one way or the other, the service was properly made.

On the other hand, Respondents contend that the service on them by registered mail was not valid because the subpenas were not delivered directly to them.

 Sec. 11(4) of the Act provides that service can be had by "registered mail" without further elaboration as to what would constitute valid service under that provision. It is true that § 11(4) also provides that the return post office receipt will constitute *proof* of service, but there is no indication that the subpenaed person must sign the receipt to make the service of the subpena valid. This interpretation seems to be supported by the Regulations, 29 C.F. R. § 102.113(b). Moreover, § 11(4) of the Act also authorizes service by merely leaving a copy of the subpena at the principal office or place of business of the person being served, which likewise supports this interpretation of the provision covering service by registered mail. Inasmuch as service by registered mail as a method of service is reasonably calculated to give notice to the subpenaed person and as these Respondents actually received notice, it would follow that they were validly served with the subpenas to testify. See N. L. R. B. v. O'Keefe & Merritt Mfg. Co., 178 F.2d 445, 447 (9th Cir.1949).

Counsel for Respondents concedes that the attorney for the General Counsel could have, at the hearing, applied for and obtained from the Trial Examiner subpenas requiring Respondents to testify and, of course, the General Counsel could now have new subpenas issued by the Board. Counsel for Resondents stated at the hearing in this Court that the reasons this application for an order was being resisted were twofold: (1) that if the subpenas were in fact invalid Respondents might not have, if they testified, the protection from criminal prosecution provided by § 11(3) of the Act and (2) Respondents did not want to be in the position of incurring disapproval of fellow Union members by voluntarily giving testimony which would possibly be harmful to the Union. The decision by this Court that the subpenas were validly served and the order of this Court requiring Respondents to testify should remove this apprehension of the Respondents.

The General Counsel or his representative will present an order requiring Respondents to testify before the Trial Examiner, William S. Brown, at a time and place to be fixed by him, and there give testimony and answer any questions relevant and material to the matters under investigation and in question in the proceedings before the Board.