**NATIONAL LABOR RELATIONS BOARD, Applicant-Appellee,**

v.

**C. E. STRICKLAND and Billy Sturdivant, Respondents-Appellants.**

No. 15077.

United States Court of Appeals
Sixth Circuit.
Aug. 13, 1963.

Lowell Goerlich, Washington, D. C. (John W. Hart, Union City, Tenn., on brief, Harold A. Cranefield, Detroit, Mich., of counsel), for appellants.

Ira M. Lechner, National Labor Relations Board, Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, James C. Paras, Ira M. Lechner, Attys., National Labor Relations Board, Washington, D. C., on brief), for appellee.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and McALLISTER, Senior Circuit Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

In a proceeding instituted by the General Counsel for the National Labor Relations Board against the United Automobile, Aircraft and Agricultural Implement Workers of America, AFL–CIO, and its Local Union for alleged violation of Section 8(b) (1) (a) of the National Labor Relations Act, as amended, by engaging in picket line violence during a strike of the American Metal Products Company plant at Union City, Tennessee, the Board issued subpenas ad testificandum directing appellants, C. E. Strickland, an International representative, and Billy Sturdivant, allegedly a vice-president of the Local Union, to appear and testify at a hearing on April 24, 1962.

Both Strickland and Sturdivant were present at the hearing. Strickland was called upon to come forward and testify in obedience of a subpena issued by the Board and was asked if he would respond to it. Proof of service was not offered. His counsel stated that in the absence of proof of service of the subpena he would not permit Mr. Strickland to take the stand. He also stated that his position was the same as to Mr. Sturdivant.

The Trial Examiner thereupon at the request of the General Counsel continued the hearing indefinitely to enable the General Counsel to enforce the subpenas alleged by the General Counsel to have been served upon Strickland and Sturdivant. This proceeding was thereupon filed in the United States District Court applying for an order requiring Strickland and Sturdivant to obey the subpenas issued by the Board.

At the hearing it was shown that the subpenas were sent by registered mail on April 16, 1962; that the return post office receipt of the subpena addressed to Strickland was signed in his name showing delivery on April 17, but the signature was not his; that Strickland first discovered the subpena on his desk approximately two days before the hearing; that the subpena addressed to Sturdivant was delivered to his home post office at Kenton, Tennessee; that his wife signed the return receipt and accepted delivery of the subpena on April 18; and that Studivant received the subpena the same day from his wife. Following the hearing, the District Court granted the Board's application, from which ruling and order Strickland and Sturdivant have taken this appeal.

Section 11(2) of the National Labor Relations Act, as amended, Section 161 (2), Title 29, United States Code, provides that in case of refusal to obey a subpena issued by the Board, or a member thereof, the United States District Court "upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board," and there to give testimony touching the matter under investigation or in question.

With reference to the service of such a subpena, Section 11(4) of the Act, Sec-

tion 161(4), Title 29, United States Code, provides:

"(4) Complaints, orders, and other process and papers of the Board, its member, agent, or agency, may be served either personally or by registered mail or by telegraph or by leaving a copy thereof at the principal office or place of business of the person required to be served. The verified return by the individual so serving the same setting forth the manner of such service shall be proof of the same, and the return post office receipt or telegraph receipt therefor when registered and mailed or telegraphed as aforesaid shall be proof of service of the same."

Appellants, in answer to the application, claim that the subpenas were not validly issued or served, contending (1) that the application was not "by the Board" as required by Section 11(2) of the Act, but was by the General Counsel, who had no authority under the statute to so act; (2) that the refusal of the appellants to step forward and give testimony was not a "refusal to obey" the subpena inasmuch as the time had not expired within which they had a right under the Board's Rules and Regulations to file a petition to revoke the subpenas; (3) that proof of service of the alleged subpenas was neither offered nor established; (4) that the subpenas were not validly served when they were sent by registered mail but not delivered directly to the subpenaed person; and (5) that the District Court in the exercise of its discretion should have denied the enforcement of the alleged subpenas because they were oppressive and unreasonable. With respect to this last contention, appellants state that a civil damage action for $700,000.00 against the respondent unions was pending in the state court and that it would be unreasonable and oppressive to subject the appellants to cross-examination in this proceeding before a trial examiner under rules of

evidence that are more lenient than those in the state court. It is also contended that since the strike is over, any order entered by the Board against the unions will be superfluous, and the matter has become moot.

The District Judge gave careful consideration to appellants' contentions and in his written opinion in the case set out his reasons for holding them to be without merit. In so ruling, reliance was placed upon Lewis v. N.L.R.B., 357 U.S. 10, 14–16, 78 S.Ct. 1029, 2 L.Ed. 2d 1103; Goodyear Tire & Rubber Co. v. N.L.R.B., 122 F.2d 450, C.A. 6th; N.L.R.B. v. Northern Trust Co., 148 F. 2d 24, C.A. 7th, cert. denied, 326 U.S. 731, 66 S.Ct. 38, 90 L.Ed. 435; N.L.R.B. v. O'Keefe & Merritt Mfg. Co., 178 F.2d 445, 447, C.A. 9th. See: N.L.R.B. v. Strickland, 220 F.Supp. 661.

In considering these questions we must keep in mind the admonition of the Supreme Court that "persons summoned as witnesses by competent authority have certain minimum duties and obligations which are necessary concessions to the public interest in the orderly operation of legislative and judicial machinery. A subpoena has never been treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase. If that were the case, then, indeed, the great power of testimonial compulsion, so necessary to the effective functioning of courts and legislatures, would be a nullity. We have often iterated the importance of this public duty, which every person within the jurisdiction of the Government is bound to perform when properly summoned." United States v. Bryan, 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L.Ed. 884. We consider most of appellants' contentions as being technical in nature and contrary to this guiding philosophy of the Supreme Court. With respect to them, we agree with the ruling of the District Judge and with the reasons therefor as stated in his opinion. See also: Federal Trade Commission v. Cement Institute, 333 U.S. 683, 693–695,

68 S.Ct. 793, 92 L.Ed. 1010; N.L.R.B. v. Wiltse, 188 F.2d 917, 926, C.A. 6th, cert. denied sub nom. Ann Arbor Press v. N.L.R.B., 342 U.S. 859, 72 S.Ct. 87, 96 L. Ed. 647; N.L.R.B. v. Oertel Brewing Co., 197 F.2d 59, 62, C.A. 6th.

There is one contention, however, which we consider appropriate to discuss further. Appellants contend that since there was no proof of service of the subpenas at the Labor Board hearing, there was no obligation to testify and, accordingly, no "refusal to obey" the subpenas, which fact must exist in order for the District Court to have jurisdiction to act in the matter under Section 11(2). We agree that proof of service was necessary in the District Court proceeding in order to give the Court jurisdiction to enter the order in question, as it would also be in a proceeding for contempt. In United States v. Bryan, supra, 339 U.S. 323, 70 S.Ct. 724, 94 L.Ed. 884, the opinion recognizes that the obligation of a witness to testify in response to a subpena is conditional upon being "properly summoned" (339 U.S. p. 331, 70 S.Ct. p. 730, 94 L.Ed. 884) and states (339 U.S. p. 330, 70 S.Ct. p. 730, 94 L.Ed. 884) that the Government made out a prima facie case of wilful default when it *"introduced evidence * * * that respondent had been validly served with a lawful subpoena * * *."* (Emphasis added.) But we do not think that that means that proof of service of the subpena must be made in the administrative hearing. The statute does not say so. It does not require that validity of service be determined by the trial examiner or by the Board before instituting proceedings in the District Court. Although Section 11(1) of the Act gives the Board jurisdiction to determine whether a subpena should be revoked, it does not give the Board any additional jurisdiction to determine whether the subpena has been validly served. If the subpena has, as a matter of fact, been legally served, the witness in refusing to testify is in default. The proof of that fact lies properly in the enforcement proceeding, not in the proceeding before the Board. United States v. Bryan, supra, 339 U.S. 323, 330, 70 S.Ct. 724, 94 L.Ed. 884.

The judgment is affirmed.