**SIERRA CLUB, Petitioner,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent.**

**Environmental Technology Council; S.D. Myers, Inc.; and Chemical Waste Management, Inc., Respondents–Intervenors.**

No. 96–70223.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 1996.

Decided July 7, 1997.

Howard I. Fox, Sierra Club Legal Defense Fund, Washington, DC and Susan G. Jordan, Sierra Club Legal Defense Fund, San Francisco, CA, for petitioner.

Sylvia Quast, United States Department of Justice, Washington, DC, for respondent.

John F. Cermack, Jr., Rodi, Pollock, Pettker, Galbraith & Cahill, Los Angeles, CA, for intervenors.

Before: HUG, Chief Judge, and REAVLEY * and LEAVY, Circuit Judges.

HUG, Chief Judge.

This case involves the authority of the Environmental Protection Agency ("EPA") to promulgate a final rule which allows for the importation of polychlorinated biphenyls (PCBs) into the United States for purposes of disposal. The principal issue in this case is whether EPA's rule allowing importation of PCBs for disposal violates the statutory prohibitions concerning PCBs contained in section 6(e)(3)(A)(i) of the Toxic Substances Control Act (TSCA), 15 U.S.C. §§ 2601–2618 (1982 & Supp.1997). We also consider whether the petitioner is required, under Fed. R.App. Pro. 15(c), to serve notice of its petition for review on all of the commenters and witnesses of the informal rulemaking proceeding that preceded the promulgation of EPA's rule. We hold that the notice requirements were met and that the rule violates the statute.

## I. FACTS AND PRIOR PROCEEDINGS

Section § 6(e) of TSCA takes a comprehensive approach to regulating PCBs. The statute prohibits the manufacture, processing, and distribution in commerce of PCBs. 15 U.S.C. § 2605(e)(3)(A)-(B). An exception to this broad ban exists in the statute, allowing the EPA Administrator to grant an exemption on an individual petition basis, provided (1) that the administrator finds "an unreasonable risk of injury to health or environment would not result"; (2) that the exemption does not last for more than one year; and (3) that the party seeking the exemption first make a good faith effort to develop a substitute chemical. _Id._ § 2605(e)(3)(B). The statute also mandates EPA to promulgate regulations to "prescribe methods for the disposal" of PCBs consistent with the strict prohibitions just described. _Id._ § 2605(e)(1).

EPA held a notice and comment rulemaking process pursuant to its TSCA § 6(e)(1) authority to regulate the disposal of PCBs, and on March 18, 1996, promulgated the final rule that is at issue in this case. 61 Fed.Reg. 11,096–09 (now codified at 40 C.F.R. § 761.93 (1997)). Under the new rule, entitled the "Import for Disposal Rule," "it is no longer necessary for persons who wish to import PCBs for disposal in accordance with this rule to apply for case-by-case exemptions under section 6(e)(3)." _Id._ at 11,097. Instead, importers must merely submit notice to the EPA Office of Enforcement and Compliance Assurance at least 45 days prior to date they intend to bring PCBs into the United States. _Id._ at 11,107. If notice is provided in a timely and complete manner once per year, the new rule allows a party to "continue importing indefinitely without interruption." _Id._ at 11,101.

The Sierra Club petitioned this court to review the Import for Disposal Rule under 15 U.S.C. § 2618(a)(1)(B), arguing that the rule violated the import ban contained in TSCA § 6(e)(3)(A). We have jurisdiction under 15 U.S.C. § 2618(a)(1)(A), and, for the reasons we detail below, we overturn EPA's action.

## II. FRAP 15(C) NOTICE REQUIREMENT

■ Sierra Club moved for leave to dispense with the Federal Rule of Appellate Procedure 15(c) service requirement with regard to the three hundred and seventeen groups, individuals, and organizations that provided EPA with comments and input during the administrative rulemaking process. The Government did not oppose the motion.

On May 15, 1996, a motions panel of this court denied Sierra Club's motion "without prejudice to renewal in the opening brief." The motions panel instructed petitioner to discuss in its brief whether the administrative witnesses and commenters were "parties" for the purposes of FRAP 15(c), and cited to _NLRB v. Lewis,_ 249 F.2d 832, 837

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

(9th Cir.1957) (aff'd. 357 U.S. 10, 78 S.Ct. 1029, 2 L.Ed.2d 1103 (1958)), a case that sets forth a broad definition of the term "party." Sierra Club renewed its motion for leave to dispense with the service requirement in its brief, and we now grant the motion.

Sierra Club timely filed its petition for review of the Import for Disposal Rule on March 27, 1996. At that time, Sierra Club served its petition on EPA, the EPA Administrator, the EPA General Counsel, and the Department of Justice. FRAP 15(c), however, imposes upon a petitioner the obligation of serving "a copy [of the petition for review] on all parties who shall have been admitted to participate in the proceedings before the agency." Ninth Circuit Rule 15–2(a) provides: "To the extent practicable, parties shall serve copies of the Civil Appeals Docketing Statement on all parties to the agency proceedings."

Petitioners contend that the FRAP 15(c) requirements should not apply to this case, where the rulemaking proceeding was informal and where so many different parties provided comments and input to the agency. We agree. The facts and procedural circumstances of this case do not bring the FRAP 15(c) service requirements into play. Because the rulemaking that is the subject of this petition for review was informal, the commenters were not "parties ... admitted to participate in the proceedings" as envisioned under the rule. In informal rulemaking, any interested group or person may submit written comments to the agency or comment orally if the agency decides to hold a hearing. As such, no one is "admitted to participate in the proceedings," and no one becomes a party in a formal administrative adjudication.

The *Lewis* case, moreover, is inapposite. Unlike the present case, it involved an adversary formal administrative adjudicatory proceeding. Furthermore, *Lewis* did not interpret the term "party" for the purposes of the Federal Rules of Appellate Procedure, which were not enacted until 1966, eight years after the *Lewis* case was decided. Act of Nov. 6, 1966, § 1, 80 Stat. 1323 (1966).

We are guided in our determination by the D.C. Circuit and its local rule which reads:

"In carrying out the service obligations of FRAP 15(c), in cases involving informal agency rulemaking such as, for example, those conducted pursuant to 5 U.S.C. § 553, a petitioner or appellant need serve copies only on the respondent agency, and on the United States if required by statute (*see, e.g.,* 28 U.S.C. § 2344)." D.C. Circuit Rule 15(a). Implicit in this local rule is the D.C. Circuit's determination that participants in informal rulemaking proceedings are not "parties" for purposes of FRAP 15(c). We, therefore, grant Sierra Club's motion for leave to dispense with service of its petition on the more than three hundred individuals and groups that submitted their comments regarding the Import for Disposal Rule prior to its promulgation.

### III. *THE IMPORT FOR DISPOSAL RULE DOES NOT PASS CHEVRON SCRUTINY*

The well-established *Chevron* test guides our analysis in this case. *See Chevron, U.S.A. v. NRDC,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). First, we look to the text of the statute to decide "whether Congress has directly spoken to the precise question at issue." *Id.* at 842, 104 S.Ct. at 2781. If congressional intent is clear, our inquiry ends there. *Id.* at 842–43, 104 S.Ct. at 2781–82.

The statute at issue in this case, TSCA § 6(e), speaks directly on the regulation, treatment, and disposal of PCBs. TSCA § 6(e) provides for a categorical ban on the manufacture of PCBs, stating that "no person may manufacture any polychlorinated biphenyl after two years after January 1, 1977." TSCA § 6(e)(3)(A)(i). The statute further provides that EPA only has the authority to promulgate regulations that prescribe methods to dispose of PCBs which are consistent with this ban. *Id.* § 6(e)(1). TSCA § 2(7), which defines the term "manufacture" for purposes of the statute, states that "[t]he term 'manufacture' means to import into the customs territory of the United States." Thus the absolute ban on manufacturing PCBs includes an absolute ban on their import, and EPA may not promulgate a rule governing the disposal of PCBs that would violate this categorical ban.

There is, however, a lone exception to TSCA's broad ban on the manufacture and import of PCBs. TSCA § 6(e)(3)(B)(i) provides that the EPA Administrator may grant an exemption if the Administrator determines that "an unreasonable risk of injury to health or environment would not result." Such exemption may not last for more than one year. *Id.* § 6(e)(3)(B). EPA, therefore, may not promulgate—as it did here—a rule to dispose of PCBs which allows parties to "continue importing [PCBs] indefinitely without interruption." 61 Fed.Reg. 11,097. The Import for Disposal Rule also attempts to obviate the TSCA's requirements that, in granting an exception to the import and manufacture ban, (1) the Secretary make a finding that "an unreasonable risk of injury to health or environment would not result," TSCA § 6(e)(3)(B)(i), and (2) the applicant seeking an exemption first make a good faith effort to develop a substitute chemical, *id.* at § 6(e)(3)(B)(ii). This is impermissible under any reading of TSCA. Accordingly, under the first prong of *Chevron,* EPA's rule is contrary to the clear intent of Congress embodied in unambiguous statutory text. 467 U.S. at 843, 104 S.Ct. at 2781–82.

EPA argues that it would be better able to protect the populace of this country from PCB contamination if it were allowed to import foreign PCB contaminants into our borders for disposal. However, Congress has spoken clearly on the subject and the regulation violates the provisions of the statute. Our inquiry ends at the first prong of *Chevron.* *Id.* at 842, 104 S.Ct. at 2781.

## IV. *CONCLUSION*

Petitioner's motion for leave to dispense with the service requirements of FRAP 15(c) is hereby **GRANTED**. EPA lacked the statutory authority to promulgate the Import for Disposal Rule, which violates the PCB manufacture ban contained in TSCA § 6. The rule is, therefore, **OVERTURNED**, and we need not reach the other arguments that petitioner raises.