No. 19,749.

L. E. FONTRON, *Appellee,* v. O. H. BENTLEY, *Appellant.*

SYLLABUS BY THE COURT.

QUIETING TITLE—*Patent—Adverse Possession—Tax Deed—Priorities.*
A person claiming real estate under title derived from the government who has held adverse possession for more than twenty years, may quiet his title against a claimant under tax deeds more than two years old who has commenced no proceeding to obtain possession.

Appeal from Kingman district court; PRESTON B. GILLETT, judge. Opinion filed March 11, 1916. Affirmed.

*J. C. Bentley,* and *O. H. Bentley,* both of Wichita, for the appellant.

*W. G. Fairchild,* and *H. S. Lewis,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to quiet title against a claimant under tax deeds. The plaintiff prevailed and the defendant appeals.

The district court returned, among others, the following findings of fact:

*Fifth:* As above found, the plaintiff, L. E. Fontron, is the owner of the quarter section of land and his title rests in transfers, tracing from the patent from the United States down to him.

*"Sixth:* The plaintiff, Mr. Fontron, and his grantors have been in the possession and control, unmolested, open, notorious and adverse of the land in question for about 20 years.

*"Seventh:* That while the defendant, O. H. Bentley, procured the tax title in question, in his favor, as above found, and by his quitclaim deed from C. C. VanDeventer and wife procured the tax title held by the said C. C. VanDeventer, it is found by the court that the said O. H. Bentley did not obtain the possession to the said land in question under the said deed and that he never has been, since the issuance of the said deeds in possession of the said real estate."

The findings of fact are abundantly sustained by the evidence and are conclusive upon the rights of the parties. The tax deeds were issued in 1904 and 1906. Under the statute the holders were allowed two years within which to secure possession. After that they were without remedy, and the plaintiff,

whose possession was open, notorious and adverse, was entitled to an adjudication establishing his title and its invulnerability. The payment of taxes was imposed as a condition upon the relief granted.

In view of the findings of fact quoted some minor questions discussed in the briefs need not be considered.

The judgment of the district court is affirmed.