## UNITED STATES ex rel. LAURITSEN v. ALLEN et al.

### No. 13172.

Circuit Court of Appeals, Eighth Circuit.

April 23, 1946.

Eugene D. O'Sullivan, of Omaha, Neb., for appellant.

A. Z. Donato, Asst. U. S. Atty., of Omaha, Neb. (Joseph T. Votava, U. S. Atty., of Omaha, Neb., on the brief), for appellees.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

Appellees are the persons constituting the United States Local Selective Service Board Number 1 of Washington County, Nebraska; the Nebraska Selective Service Board of Appeal Number 2; the United States Selective Service Board for the State of Nebraska; and the State Director of Selective Service for the State of Nebraska. The appellant is a registrant who was given classification 1—A by the Local

Selective Service Board, and who was ordered to report for induction into the military service on April 22, 1945, after his appeals from the Local Board to the Board of Appeal and to the President of the United States were rejected.

Appellant did not obey the order of his Local Selective Service Board. Instead, on April 21, 1945, he filed in the District Court his petition for a writ of habeas corpus, directed to the appellees, alleging that he was exempt from military service because engaged in an essential agricultural occupation, and that the Board's classification and order to report for military service were arbitrarily and capriciously made and contrary to law. He alleged that by reason of the Board's order he was restrained of his liberty in violation of his constitutional rights.

The writ issued on the petition. After service of the writ the respondents filed a return in which they admitted the classification of the appellant as alleged in the petition as well as the order directing him to report for military service. They denied that the appellant's classification was arbitrarily or capriciously made or in violation of law, or that he was unlawfully restrained of his liberty. They also averred that "neither at the time of the issuance or service of said Writ, nor at the present time, nor at any other time have they or any of them had, nor do they now have, said Complainant in custody nor under their control, nor in the custody nor under the control of any of said Respondents; nor have said Respondents or any of them any power or authority to seize or arrest said Complainant or to produce his body in answer to the Writ issued herein."

Appellant filed a response amplifying the allegations of his petition. When the matter was called for hearing appellees orally moved the court to discharge the writ, on the ground that it was disclosed on the face of the petition that the administrative processes of the Selective Service system had not been completed by the induction of the appellant into the military service and because it appeared from the petition that the appellant had not at any time since filing his petition been restrained of his liberty in violation of his constitutional rights.

The motion to discharge the writ was granted, and appellant has appealed. Appellant's contention that the District Court was without authority to discharge the writ after its issue, in advance of a hearing on the merits, is not worthy of consideration. The District Court not only had the power but was obligated to discharge the writ if upon further consideration it appeared that the petition stated no ground for its issue. That such was the case in the present instance is sufficiently shown by the allegations of the petition.

Appellant claimed to be restrained of his liberty in violation of his constitutional rights only by the order of the Selective Service Board requiring him to report for induction into the military service. But an order of a Selective Service Board directing a registrant to report for induction into the military service does not impose an actual restraint upon the liberty of the registrant. The Selective Service Boards are not empowered by law to seize the body of a registrant or to take him into custody. Bronemann v. United States, 8 Cir., 138 F.2d 333, 337; Biron v. Collins, 5 Cir., 145 F.2d 758, 759. Appellant does not claim that he was at any time in the actual custody or under the actual control of any of the appellees or of anyone else. At most his petition is sufficient to charge only that his obedience to an order which he considers unlawful may result in his acceptance by the Army and in his subsequent detention in the military forces.

The case of Billings v. Truesdell, 321 U. S. 542, 64 S.Ct. 737, 88 L.Ed. 917, upon which appellant places some reliance is not an authority for the issue of the writ in the present situation. While in that case the registrant had not been actually inducted into the Army, he was actually in the custody of the military forces, held to answer charges preferred against him for refusing to obey an order of a superior officer. It was held that the registrant was not subject to trial by court-martial, but was subject solely to the jurisdiction of the civil courts. On that ground his right to the writ directed to the military authorities detaining him was sustained.

The judgment of the District Court is affirmed.