**GENERAL ENGINEERING, INC., and Harvey Aluminum (Incorporated), Petitioners,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 19406.

United States Court of Appeals Ninth Circuit.

Feb. 8, 1965.

proceedings for the purpose of determining whether employee Lloyd K. Fowler had been restored to his former or a substantially equivalent position and fixing the amount of back pay, if any, due him.

Following the remand for this purpose, the Board's trial examiner held further proceedings including a hearing at which evidence was received. The trial examiner then issued a supplemental decision holding that Fowler had not been reinstated, and ordering that he be reinstated with back pay. On review, the Board entered a supplemental decision adopting the findings, conclusions and recommendations of the trial examiner, with one modification pertaining to the computation of back pay. A Board order consistent with that decision was entered.

On this review petitioners attack the supplemental Board decision and order on several grounds. One of these is that the Board erred in sustaining a ruling by the trial examiner revoking subpoenas directed to four Board employees.

The hearing before the trial examiner in the remanded proceedings was scheduled for October 8, 1963. On October 2, 1963, counsel for petitioners sent to the general counsel of the Board a telegraphic request for written consent to have three named Board employees appear to testify at the hearing and bring described books and records. These employees were Thomas P. Graham, regional director, Region 19, Donald McFeely, compliance officer, Region 19, and Melton Boyd, attorney, Region 19.[1] In this telegram counsel for the Board was also requested to consent in writing that Arthur J. Hedges, attorney, Sub-Region 36, appear at the hearing and testify.

The general counsel denied these requests by telegram dated October 3, 1963. On this same day petitioners served upon Graham, McFeely and Boyd, subpoenas duces tecum issued by the Board. The

Sam F. Speerstra, William B. Wyllie, Salem, Or., Maxwell H. Elliott, Torrance, Cal., Rhoten, Rhoten, & Speerstra, Salem, Or., for the petitioners.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Paul Elkin, John M. Dyer, attys., N.L.R.B., Washington, D.C., for the respondent.

Before HAMLEY, HAMLIN and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge:

General Engineering, Inc. and Harvey Aluminum (Incorporated) petition for review of the supplemental decision and order of the National Labor Relations Board issued on June 29, 1964. The Board cross petitions for enforcement.

The petition to review the initial Board decision and order and cross-petition to enforce were before this court in General Engineering, Inc. v. N.L.R.B., 9 Cir., 311 F.2d 570. Pursuant to that decision this court entered a decree enforcing in part the Board's initial order. The Board, however, was directed to hold further

---

1. The books and records were described in the telegram as follows:
"* * * all books records and documents in their possession or under their control relating to the discharge; rehire; subsequent discharge; backpay obligations, if any; and employment rights of Lloyd K. Fowler in case number 36 CA 953, 954 [the Board proceedings in question]."

subpoenas required them to appear at the October 8, 1963 hearing and bring all books, records, correspondence or documents in their possession or under their control which relate to Fowler, " * * * whether he was reinstated by the respondents [petitioners] in August, 1959, and the back pay, if any, due to him." Also on October 3, 1963, petitioners obtained service upon the fourth employee, Hedges, of a subpoena ad testificandum issued by the Board, requiring him to appear and testify at the October 8th hearing.

On October 7, 1963, counsel for petitioners served upon the general counsel of the Board a notice to produce, at the October 8th hearing, the books and records referred to above. Treating this notice as a motion for reconsideration of

the telegraphic request made upon him, the general counsel, by telegram dated October 10, 1963, denied the motion.

In the meantime, on October 9, 1963, during the course of the hearing before the trial examiner, written motions were submitted on behalf of each of the Board employees who had been subpoenaed, to revoke the subpoenas served upon the respective employees. The only ground stated in support of each such motion was that the general counsel had not consented to such appearance and testimony. In this connection reference was made to section 102.118, N.L.R.B. Rules and Regulations, as amended, 29 C.F.R., § 102.118.[2] In connection with the argument of these motions to revoke petitioners made an offer of proof as to each of the four subpoenaed employees.[3]

2. This regulation reads, in part, as follows:

> "Sec. 102.118. Same; Board employees prohibited from producing files, records, etc., pursuant to subpena ad testificandum or subpena duces tecum, prohibited from testifying in regard thereto.
>
> "No regional director, field examiner, trial examiner, attorney, specially designated agent, general counsel, member of the Board, or other officer or employee of the Board shall produce or present any files, documents, reports, memoranda, or records of the Board or testify in behalf of any party to any cause pending in any court or before the Board, or any other board, commission, or other administrative agency of the United States, or of any State, Territory, or the District of Columbia with respect to any information, facts, or other matter coming to his knowledge in his official capacity or with respect to the contents of any files, documents, reports, memoranda, or records of the Board, whether in answer to a subpena, subpena duces tecum, or otherwise, without the written consent of the Board or the chairman of the Board if the official or document is subject to the supervision or control of the Board; or the general counsel if the official or document is subject to the supervision or control of the general counsel. Whenever any subpena ad testificandum or subpena duces tecum, the purpose of which is to adduce testimony or require the pro-

duction of records as described hereinabove, shall have been served upon any such persons or other officer or employee of the Board, he will, unless otherwise expressly directed by the Board or the chairman of the Board or the general counsel, as the case may be, move pursuant to the applicable procedure, whether by petition to revoke, motion to quash, or otherwise, to have such subpena invalidated on the ground that the evidence sought is privileged against disclosure by this rule: *Provided,* After a witness called by the general counsel has testified in a hearing upon a complaint under section 10 (c) of the act, the respondent may move for the production of any statement of such witness in possession of the general counsel, if such statement has been reduced to writing and signed or otherwise approved or adopted by the witness. Such motion shall be granted by the trial examiner. If the general counsel declines to furnish the statement, the testimony of the witness shall be stricken: * * *."

3. With regard to Graham, McFeely and Boyd, petitioners offered to prove, from the records they would produce, that Fowler was rehired in the same or substantially equivalent position. Petitioners asserted that the records which would be produced by McFeely would also show that McFeely failed to include in the final backpay specification some of the matters included in the Board forms filled in by Fowler. With regard to

The trial examiner granted the motions to revoke on the sole ground that neither the Board nor its general counsel had given written permission for the employees to produce the described books and records, or to testify.[4] During the argument on these motions, counsel for the general counsel made no contention that the evidence sought to be elicited by these subpoenas would be irrelevant or immaterial, or was privileged on any ground other than that purportedly created by the agency rule in question. Nor did the trial examiner discuss or rely upon any such ground in granting the motions to revoke.

Following the hearing before the trial examiner, petitioners filed with the Board an application to enforce the subpoenas and a request to take an interlocutory appeal from the trial examiner's order granting the motions to revoke. In addition to renewing, in substance, the offers of proof made before the trial examiner, petitioners asserted that three written statements made by Fowler to the Board were not produced when requested at the hearing, but were later placed in evidence by counsel for the general counsel after petitioners had rested. By reason of this alleged circumstance, petitioners claimed the right to examine Boyd to determine whether additional documents producible under the Board's rules had been withheld.

Also in addition to the offers of proof made before the trial examiner, petitioners pointed out that during the initial hearing in 1959, Hedges, then acting as counsel for the general counsel, had stated that Fowler had been reinstated in the same or substantially equivalent employment. Since the present counsel for the general counsel now claims that Fowler was not so reinstated, petitioners contended that they have the right to question Hedges concerning the concession he had made.

Answering the application to enforce the subpoenas and the request for leave to appeal, counsel for the general counsel asserted that the three additional Fowler statements referred to by petitioners were not statements by him, but were merely facsimile copies Fowler had prepared of documents which petitioners had sent to him at the time of his discharge. Referring to the concession made by Hedges at the initial hearing, counsel for the general counsel pointed out that it was already of record and that, in the prior review, this court stated that Hedges' remark was "* * * nothing more than a circumstance to be considered by the trier of fact in arriving at the ultimate finding." See General Engineering, Inc. v. N.L.R.B., 9 Cir., 311 F. 2d 570, at 573.

The Board denied the application to enforce the subpoenas. At the same time it granted the request for leave to appeal, but "denied" the appeal as lacking in merit. In their exceptions to the trial examiner's subsequent supplemental decision, filed with the Board, petitioners again challenged the trial examiner's order revoking the subpoenas, and the Board's order denying the application to enforce the subpoenas and sustaining the trial examiner's action. In its supplemental decision and order thereafter entered, the Board, without comment adhered to its previous ruling sustaining the action of the trial examiner in revoking the subpoenas.

As indicated above, the sole ground on which the trial examiner relied in revoking the subpoenas was that the general counsel had not consented thereto. Since the Board gave no reason for its action in sustaining the trial examiner's ruling, other than to state that the ap-

Hedges, petitioners offered to prove by his testimony that Fowler was rehired in the same or substantially equivalent position.

4. Two of the subpoenaed employees, McFeely and Boyd, were present in the hearing room. Boyd, in fact, was counsel for the general counsel in the remanded proceedings before the trial examiner. Counsel for petitioners called McFeely to testify but, after revoking the subpoenas as to all four employees, the trial examiner ruled that none of them could be called to testify.

peal therefrom is lacking in merit, we must assume that the Board relied on the same ground.

Petitioners argue that neither the trial examiner nor the Board were entitled to revoke the subpoenas on that ground. Turning first to the subpoena ad testificandum served upon Hedges, petitioners contend that: (1) the only statutory authority for the revocation of subpoenas by the Board is that supplied by section 11(1) of the National Labor Relations Act (Act), 61 Stat. 150 (1947), 29 U.S.C. § 161(1) (1958);[5] and (2) that statute pertains only to subpoenas duces tecum.

■ It is true that section 11(1) provides the only express statutory procedure governing the revocation of Board subpoenas, and that this statute, by its terms, relates only to subpoenas duces tecum. But, under section 6 of the Act, 61 Stat. 140 (1947), 29 U.S.C. § 156 (1958), the Board is authorized to make such rules and regulations as may be necessary to carry out the provisions of the Act. This statute empowers the Board to make the revocation procedure applicable to subpoenas ad testificandum. Lewis v. N.L.R.B., 357 U.S. 10, 14, 78 S.Ct. 1029, 2 L.Ed.2d 1103. The Board has done so by promulgating section 102.31(b), N.L.R.B. Rules & Regulations, as amended, 29 C.F.R. § 102.31(b).[6]

With regard to both types of subpoenas issued in this case, petitioners next argue that since the sole ground relied upon in revoking the subpoenas, namely the refusal of the general counsel to consent, is not one of the grounds for revocation stated in section 11(1) of the Act, the revocation here in question is invalid.

As shown by the part of the section 11(1) quoted in note 5, the two grounds for revocation stated in that section are: (1) that the evidence sought to be produced does not relate to any matter under investigation or any matter in question in the proceedings, and (2) the subpoena does not describe with sufficient particularity the evidence whose production is required. Petitioners are correct in stating that these two grounds do not include the ground relied upon in revoking the subpoenas in this case.

■ The statute in question does not state that petitions to revoke subpoenas can only be made on the two grounds therein stated, or that the trial examiner or Board may revoke only on those grounds. It does provide that a person served with such a subpoena may petition for revocation of the subpoena and the Board *shall* revoke it if one of the two specified circumstances exist. Insofar as that statute is concerned, the Board may also revoke a subpoena on any other

5. Section 11(1) of the Act, reads, in part:
"Within five days after the service of a subpena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpena does not describe with sufficient particularity the evidence whose production is required."

6. Section 102.31(b) reads, in pertinent part:
"(b) Any person, served with a subpena, whether ad testificandum or duces tecum, if he does not intend to comply with the subpena, shall, with-

in 5 days after the date of service of the subpena upon him, petition in writing to revoke the subpena. * * * Petitions to revoke subpenas filed during the hearing shall be filed with the trial examiner. Notice of the filing of petitions to revoke shall be promptly given by the regional director or the trial examiner, as the case may be, to the party at whose request the subpena was issued. The trial examiner or the Board, as the case may be, shall revoke the subpena if in its opinion the evidence whose production is required does not relate to any matter under investigation or in question in the proceedings or the subpena does not describe with sufficient particularity the evidence whose production is required, or if for any other reason sufficient in law the subpena is otherwise invalid."

ground which is consonant with the over-all powers and duties of the Board under the Act considered as a whole.

This involves no broader exercise of Board power than that which is involved in Board action extending the revocation procedure of section 11(1), which expressly relates to subpoenas duces tecum, to subpoenas ad testificandum, a power which was recognized in Lewis v. N.L.R.B., 357 U.S. 10, 14, 78 S.Ct. 1029. In short, section 11(1) is not intended as a complete and inclusive catalogue of all grounds upon which a Board subpoena may be revoked.

Petitioners next argue, in effect, that apart from section 11(1), the fact that the general counsel has refused to consent, unassociated with any specific claim of privilege or any assertion that the evidence sought is inadmissible because of some other generally recognized evidentiary rule, is not an adequate ground upon which to revoke a Board subpoena.

Since the general counsel had declined to give such consent, the four Board employees upon whom Board subpoenas had been served were required under section 102.118 of the Board's rules and regulations, to move for the revocation of those subpoenas.[7]  Likewise, under section 102.118, the trial examiner was required to grant the motions to revoke on the ground that such consent had not been given.  It follows that petitioners' challenge to the adequacy of this ground pre-sents the question of whether section 102.118 of the Board's rules and regulations is valid as applied in this case.

The Board states in its brief that this regulation was promulgated by the Board pursuant to Rev.Stat. § 161 (1875), as amended, 5 U.S.C. § 22 (1958), the so-called "housekeeping" statute, and the enabling provisions of section 6 of the Act, 29 U.S.C. § 156 (1958).

As the opening words of 5 U.S.C. § 22 indicate,[8] it pertains to the authority of the head of each "department."  What is meant by "department" is made clear by the first two sections of the same title of the Revised Statutes, namely Rev.Stat. sections 158 and 159, as amended, 5 U.S.C. §§ 1 and 2 (1958) respectively. Rev.Stat. § 158, as amended 5 U.S.C. § 1, states that the provisions of that title shall apply to the "following executive departments," and then names the ten executive departments having cabinet rank.  Rev.Stat. § 159, as amended, 5 U.S.C. § 2 provides that the word "department," when used alone in that title and certain other titles, " * * * means one of the executive departments enumerated in the preceding section."

■ Since the National Labor Relations Board is not one of the executive departments named in Rev.Stat. § 158, 5 U.S.C. § 1, it follows that Rev.Stat. § 161, as amended, 5 U.S.C. § 22, does not apply thereto.[9]

---

7. Section 102.118 is quoted, in material part, in note 2 above.

8. Section 22 reads:
   "§ 22.  **Departmental regulations; withholding of information from public not authorized**
   "The head of each department is authorized to prescribe regulations, not inconsistent with law, for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of the records, papers, and property appertaining to it.  This section does not authorize withholding information from the public or limiting the availability of records to the public.  As amended

Aug. 12, 1958, Pub.L. 85–619, 72 Stat. 547."

9. In the course of its consideration of H.R. 2767, 85th Cong., to amend Rev. Stat. § 161, which led to the enactment of 72 Stat. 547, adding a sentence at the end of that section, the House Committee on Government Operations received testimony from several federal agencies concerning the scope of that statute.  A witness appearing for the Civil Service Commission there conceded that Rev. Stat. § 161 relates only to the executive departments.  A witness appearing for the Interstate Commerce Commission conceded that "a very good argument" could be made that Rev.Stat. § 161 applies only to executive departments of

■ In any event 5 U.S.C. § 22 does not authorize the heads of agencies or their subordinates to withhold information from the public or to limit the availability of records to the public. In fact the last sentence of that section, added in 1958, expressly states that the section does not provide such authority.[10]

■ The other statute which, according to the Board, provides authority for the promulgation of section 102.118 of its rules and regulations, is section 6 of the Act.[11] Under this statute the Board may adopt rules and regulations to carry out its functions in a manner consistent with the fulfillment of the purposes of the Act. This statute, however, does not authorize the Board to promulgate rules and regulations which have the effect of enlarging its authority beyond the scope intended by Congress. N.L.R.B. v. Lewis, 9 Cir., 249 F.2d 832, 837, aff'd 357 U.S. 10, 78 S.Ct. 1029, 2 L.Ed.2d 1103.

Petitioners argue, in effect, that section 102.118 of the Board's rules and regulations has the effect of enlarging the Board's authority beyond the scope intended by Congress, as manifested by section 10(b) of the Act, 61 Stat. 146–147 (1947), 29 U.S.C. § 160(b) (1958). Hence, petitioners assert, neither section 6 nor any other provision of the Act authorized the Board to promulgate that particular rule and regulation.

■ Section 10(b) provides that any unfair labor practice proceeding shall, "so far as practicable," be conducted in accordance with the rules of evidence applicable in the district courts of the United States under the Federal Rules of Civil Procedure.[12] The words "so far as practicable," are intended to authorize the Board to depart from rules of evidence applicable in the federal district courts to the extent that this is necessary because of the peculiar characteristics of administrative hearings. But as the Fifth Circuit held in N.L.R.B. v. Capitol Fish Co., 5 Cir., 294 F.2d 868, 872, no special characteristics of an administrative hearing justify the exclusion of evidence or the revocation of subpoenas which it would be error to exclude or revoke in a federal district court trial.

It follows that section 102.118 of the Board's rules and regulations was invalidly applied if it effectuated the exclusion of evidence which was not shown to be a kind which would be inadmissible under the general rules of evidence, such as evidence which is irrelevant or immaterial, or is privileged under some express statutory provision or under some rule of evidence cognizable in the federal

---

cabinet rank. See H.R.Rep. No. 1461, 85th Cong., 2d Sess., U.S.Code Cong. and Admin.News, 1958, Vol. 2, page 3353. Of course, federal agencies other than, or in addition to, executive departments of cabinet rank may be "departments" under other statutes. See United States Shipping Board Emergency Fleet Corp. v. Western Union Telegraph Co., 275 U.S. 415, 48 S.Ct. 198, 72 L.Ed. 345.

10. Section 22 is quoted in note 8 above. As indicated in the House Report referred to in note 9, enactment of the amendment to Rev.Stat. § 161 resulted from the tendency of federal executive officials to use the "housekeeping" statute as " * * * a convenient blanket to hide anything Congress may have neglected or refused to include under specific secrecy laws." The Committee stated that "(t)he purpose of this bill is to correct that situation." U.S.Code Cong. and Admin.News, ibid. What is now section 102.118 of the Board's rules and regula-

tions was initially promulgated prior to the 1958 amendment. See N. L. R. B. v. Adhesive Products Corp., 2 Cir., 258 F.2d 403, 406.

11. Section 6, 61 Stat. 140 (1947), 29 U.S.C. § 156 (1958) reads:
    "The Board shall have authority from time to time to make, amend, and rescind, in the manner prescribed by the Administrative Procedure Act, such rules and regulations as may be necessary to carry out the provisions of this subchapter."

12. As originally enacted, section 10(b) provided that " * * * the rules of evidence prevailing in courts of law or equity shall not be controlling. * * * " The section was amended, in 1947, to require the Board to follow the Federal Rules of Civil Procedure insofar as practicable. See N. L. R. B. v. Capital Fish Company, 5 Cir., 294 F.2d 868, 872, and legislative history there cited.

district courts, such privilege being claimed, or which was not shown to have been sought pursuant to subpoenas which were irregularly issued, oppressive in scope, or by reason of some other circumstance, subject to revocation under federal district court procedure.

The facts reviewed at the outset of this opinion indicate that, in the Board proceedings, neither any contention nor ruling was made that the evidence sought to be produced was subject to objection in any of the above enumerated ways.

It is true that a privilege purportedly created by section 102.118 of the Board's rules and regulations, was claimed. The substance of this asserted privilege, as we have seen, is that all books and records of the Board, and all information which comes to a Board employee in the course of his official duties, is absolutely privileged unless the Board or general counsel consents to their production or release.

There are probably some court decisions which recognize a carte blanche "privilege" of this kind. But, in view of section 10(b) of the Act, discussed above, and the last sentence of 5 U.S.C. § 22, discussed above, we believe that the claim must be particularized with reference to some generally recognized privilege accorded governmental agencies. Such, for example, are claims that the information sought would disclose confidential informants (Mitchell v. Bass, 8 Cir., 252 F.2d 513), state secrets (United States v.

Reynolds, 345 U.S. 1, 7, 73 S.Ct. 528, 97 L.Ed. 727), military secrets (United States v. Reynolds, supra), or mental processes of those engaged in investigative or decisional functions (United States v. Morgan, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429; Appeal of Securities & Exchange Commission, 6 Cir., 226 F.2d 501, 519) [13]. In the proceeding now before us no such privilege was either claimed or found to exist.

■ We therefore hold that section 102.118 of the Board's rules and regulations was invalidly applied in the Board proceedings under review and that the trial examiner and Board erred in revoking the four subpoenas.[14]

In view of the conclusion we have reached concerning the revocation of the subpoenas, and the need which therefore arises for further Board proceedings, it would be premature, at this time, to pass upon the other questions raised in these review proceedings.

■ The Board order is reversed and the matter is remanded to the Board for further proceedings. Petitioners will be entitled to a further hearing before the trial examiner and, in connection with that hearing, the issuance of new Board subpoenas to be served upon the four employees in question.[15] If the three employees upon whom subpoenas duces tecum are served, or the general counsel, renew the motions to revoke, or partially revoke, any of those subpoenas on the sole ground that one or more of such

---

13. That these are not absolute privileges, see N. L. R. B. v. Capitol Fish Co., 5 Cir., 294 F.2d 868, 873. See, also, the legal writing on this subject to which attention is called in note 6 on pages 872–873 of the Capitol Fish Company case, especially 8 Wigmore, Evidence, McNaughton Rev., §§ 2378–2379.

14. We do not reach the question of whether the evidence sought to be produced was in fact inadmissible on some other ground since no other ground was presented to or ruled on by the trial examiner or Board in the agency proceeding.

15. Under section 11(1) of the Act, 29 U.S.C. § 161, the issuance of subpoenas by the Board is mandatory, the only function remaining after an application is made therefor, being ministerial. Lewis v. N. L. R. B., 357 U.S. 10, 14–15, 78 S.Ct. 1029. This procedure is to be compared to that provided for under section 6(c) of the Administrative Procedure Act, 60 Stat. 240 (1946), 5 U.S.C. § 1005(c) (1958). Under the latter statute persons seeking either a subpoena duces tecum or a subpoena ad testificandum are required to make " * * * a statement or showing of general relevance and reasonable scope of the evidence sought * * *" before such a subpoena may be issued.

books or records is irrelevant or immaterial, or otherwise inadmissible due to some rule of evidence other than privilege, petitioners can be required to show good cause for their demand for the papers in the same manner as provided for in Rule 34, Federal Rules of Civil Procedure, and unless they do so, it will be proper to revoke the subpoenas.

■ If the three employees upon whom subpoenas duces tecum are served, or the general counsel, renew the motions to revoke, or partially revoke, any of those subpoenas on the ground that one or more such books and records is expressly privileged under a rule of evidence generally recognized in the federal district courts, the Board or trial examiner,[16] shall examine in camera, the books or records for which the privilege is claimed. If the claimed privilege is upheld, and such action is challenged in subsequent review proceedings in this court, the books and records thus excluded shall be transmitted to this court under seal, as part of the record on review, such materials to be examined only by the judges of this court before whom the review is pending.[17]

■ For the purpose of determining whether, under its rule 29 C.F.R. 102.31 (b), quoted in note 6 above, the subpoena ad testificandum directed to Hedges should be revoked on the ground that the information sought to be elicited from him is not relevant or material, the Board or examiner, as the case may be, is entitled to call upon petitioner to provide a statement or showing of general relevance and reasonable scope of the evidence sought.[18] If petitioner is called upon to make such a statement or showing and fails to do so, or if the statement

or showing made indicates to the Board or examiner that general relevance and reasonable scope of the evidence has not been indicated, the subpoena may be revoked for that reason.

In passing upon the sufficiency of any such statement or showing, however, the Board or examiner should have due regard for the difficulty of describing in advance, except in the most general terms, the nature and purport of the testimony sought. If a general showing is made, further inquiry as to the relevancy and materiality should be reserved for the hearing.

Any motion to revoke the subpoena ad testificandum directed to Hedges on the ground that all of the information sought to be elicited from him is privileged under a privilege expressly established by statute or under a rule of evidence generally recognized in the federal district courts may be ruled upon by the Board or the trial examiner as the Board may determine.

■ Since, in this proceeding the Board occupies a position similar to that of a plaintiff in a civil action (see Mitchell v. Bass, 8 Cir., 252 F.2d 513, 517), it may, for any reason which seems sufficient to it, decline to produce evidence in its possession. But just as a plaintiff in a civil action could not obtain a judgment if it persisted in withholding evidence which the court determined should be produced, so the Board could not enter an enforceable order if it insists on withholding evidence which, under the rules of evidence in effect in federal district courts, is admissible.

The cross-petition to enforce the Board order is denied.

16. It lies with the Board to determine whether this function will be performed by the Board or the trial examiner. See Lewis v. N. L. R. B., 357 U.S. 10, 12–13, 78 S.Ct. 1029; N. L. R. B. v. Duval Jewelry Co., 357 U.S. 1, 78 S.Ct. 1024, 2 L.Ed.2d 1097. See also N. L. R. B. v. Capitol Fish Co., 5 Cir., 294 F.2d 868.

17. In the unlikely event that the privilege asserted and sustained is that the information is of such a sensitive nature that, in the public interest it should not be released from the agency files, the Board shall so state in its order upholding any such privilege. See United States v. Reynolds, 345 U.S. 1, 10, 73 S.Ct. 528.

18. We here adopt the language of section 6(c) of the Administrative Procedure Act, referred to in note 15 above.