**HERMAN BROTHERS PET SUPPLY, INC., et al., Petitioners,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 16415.**

United States Court of Appeals
Sixth Circuit.

April 21, 1966.

Louis Rosenzweig, Detroit, Mich., for petitioners.

Theodore Martineau, Atty., N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Warren M. Davison, Atty., N. L. R. B., Washington, D. C., on the brief), for respondent.

Before WEICK, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

EDWARDS, Circuit Judge.

Petitioners seek review of a National Labor Relations Board order for back wages which resulted from a prior NLRB order arising out of an unfair labor practice complaint. This court granted enforcement of the prior order in 325 F.2d 68 (C.A. 6, 1963). In turn the NLRB petitions for enforcement of its supplemental back wage order.

The only issue presented to us now pertains to the fact that the NLRB Trial Examiner (with subsequent affirmance of the Board) quashed a subpoena *duces tecum* previously obtained from the Board and served upon the Michigan Employment Security Commission by petitioners. By this subpoena petitioners sought to obtain records of unemployment compensation claims made by the employees involved in this case. An Assistant Attorney General, representing the State of Michigan, appeared at the hearing and moved to quash the subpoena on the ground that under Michigan Compiled Laws § 421.11(b) (Mason Supp.1961), Mich.Stat.Ann. § 17.511(b), these records were confidential and could not be produced under subpoena in open court. Petitioners claim prejudicial error in the quashal.

The case raises two questions. The first is procedural—whether or not the Trial Examiner had the power to quash the subpoena. Petitioners rely in this regard upon language somewhat favorable to their position in N. L. R. B. v. Cashman Auto Company, 223 F.2d 832 (C.A. 1, 1955), while the NLRB relies upon General Engineering, Inc. v. N. L. R. B., 341 F.2d 367 (C.A. 9, 1965).

We deal herein with a subpoena *duces tecum*. The National Labor Relations Act specifically sets forth power in the Board to revoke such a subpoena. 61 Stat. 150 (1947), 29 U.S.C. § 161(1) (1964).[1] The

---

1. "Sec. 11. For the purpose of all hearings and investigations, which, in the opinion of the Board, are necessary and proper for the exercise of the powers vested in it by section 9 and section 10—

"(1) The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application. Within five days after the service of a subpena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpena does not describe with sufficient particularity the evidence whose production is required. Any member of the Board, or any agent or agency designated by the Board for such pur-

Board has established a rule delegating the exercise of this power to the Trial Examiner [2] and setting standards for his doing so.

Petitioners, however, point out that the statute authorizes revocation where the document sought "does not relate to any matter under investigation" or the subpoena is lacking in "sufficient particularity," while the rule adds the general language "or if for any other reason sufficient in law the subpoena is otherwise invalid."

It should be noted that the statute is mandatory in its language, while the Board rule is discretionary. The United States Supreme Court in construing Section 11(1) approved the Board's action extending the power specifically granted in this section to issue a subpoena *duces tecum* to a subpoena *ad testificandum*. Lewis v. N. L. R. B., 357 U.S. 10, 78 S.Ct. 1029, 2 L.Ed.2d 1103 (1958).

In the *General Engineering* case, in a well-reasoned opinion interpreting Section 11(1), the Ninth Circuit said:

"The statute in question does not state that petitions to revoke subpoenas can only be made on the two grounds therein stated, or that the trial examiner or Board may revoke only on those grounds. It does provide that a person served with such a subpoena may petition for revocation of the subpoena and the Board *shall* revoke it if one of the two specified circumstances exist. Insofar as that statute is concerned, the Board may also revoke a subpoena on any other ground which is consonant with the overall powers and duties of the Board under the Act considered as a whole.

\* \* \* \* \* \*

"In short, section 11(1) is not intended as a complete and inclusive catalogue of all grounds upon which a Board subpoena may be revoked." (Emphasis in original) General Engineering, Inc. v. N. L. R. B., supra 341 F.2d at 372–373.

Still another section of the NLRA grants general rule-making power to the NLRB to make "such rules and regulations as may be necessary to carry out the provisions of this subchapter." 61 Stat. 140 (1947), 29 U.S.C. § 156 (1964). The Board has exercised this power in issuing the rule referred to above.

We hold that the language of the Board rule relied upon here by the Trial Examiner represents a reasonable employment of the rule-making power con-

poses, may administer oaths and affirmations, examine witnesses, and receive evidence. Such attendance of witnesses and the production of such evidence may be required from any place in the United States or any Territory or possession thereof, at any designated place of hearing."

2. "Sec. 102.31(b) Any person, served with a subpena, whether *ad testificandum* or *duces tecum*, if he does not intend to comply with the subpena, shall, within 5 days after the date of service of the subpena upon him, petition in writing to revoke the subpena. All petitions to revoke subpenas shall be served upon the party at whose request the subpena was issued. Such petition to revoke, if made prior to the hearing, shall be filed with the regional director and the regional director shall refer the petition to the trial examiner or the Board for ruling. Petitions to revoke subpenas filed during the hearing shall be filed with the trial

examiner. Notice of the filing of petitions to revoke shall be promptly given by the regional director or the trial examiner, as the case may be, to the party at whose request the subpena was issued. The trial examiner or the Board, as the case may be, shall revoke the subpena if in its opinion the evidence whose production is required does not relate to any matter under investigation or in question in the proceedings or the subpena does not describe with sufficient particularity the evidence whose production is required, or if for any other reason sufficient in law the subpena is otherwise invalid. The trial examiner or the Board, as the case may be, shall make a simple statement of procedural or other grounds for the ruling on the petition to revoke. The petition to revoke, any answer filed thereto, and any ruling thereon shall not become part of the official record except upon the request of the party aggrieved by the ruling." 29 C.F.R. 102.31(b) (1966).

veyed upon the Board by Congress. 29 U.S.C. § 161(1) (1964); 29 U.S.C. § 156 (1964); Lewis v. N. L. R. B., supra at 14, 78 S.Ct. 1029. See also N. L. R. B. v. Duval Jewelry Co., 357 U.S. 1, 78 S.Ct. 1024, 2 L.Ed.2d 1097 (1958).

To the extent that N. L. R. B. v. Cashman Auto Co., supra, may be read as contrary to this holding, we decline to follow it in the light of the subsequent United States Supreme Court holdings cited above.

■ As its second issue, appellant contends that the Michigan Statute, M.S.A. § 17.511(b),[3] relied upon by the Trial Examiner in quashing this subpoena did not prevent the production of the records at the NLRB hearing. We recognize that this question is not without difficulty since the statutory language as of the date with which we are concerned made no specific reference to legal proceedings.

Nor can we find any assistance in interpretations of this statute by the Michigan Supreme Court. None are cited to us, nor does our research discover any. Michigan has, however, followed a strict construction policy pertaining to confidentiality or privilege provisions in other statutes. Bowman v. Montcalm Circuit Judge, 129 Mich. 608, 89 N.W. 334 (1902); Williams v. Brown, 137 Mich. 569, 100 N.W. 786 (1904); People v. Atwood, 188 Mich. 36, 154 N.W. 112 (1915) [dictum]; In re Reid, 155 F. 933 (E.D. Mich.1906).[4] But cf. Bell v. Bankers Life & Casualty Co., 327 Ill.App. 321, 64 N.E.

2d 204 (1945); Annot., 165 A.L.R. 1302 (1946).

The only specific interpretation of the instant statute is that given by the Michigan Attorney General[5] in an opinion dated March 2, 1945. That opinion, referring to the statute now under dispute, said:

"The statute in question, (being Mich.Stat.Ann. 17.511, Sec. 11(b)), clearly provides that any information obtained from any employing unit or individual pursuant to the administration of the Unemployment Compensation Act shall be held confidential and shall be a privileged communication; except as such information, under Commission regulations, may be made available to certain agencies for certain purposes. The Department of Revenue is not such an agency.

"It follows that the Legislature intended that information gained from an employer in the course of the statutory administration by the Michigan Unemployment Compensation Commission was to be privileged from a use such as has been attempted in the appeal before the State Board of Tax Appeals.

\* \* \* \* \* \*

"The right to examine the records and reports in possession of the Michigan Unemployment Compensation Commission by another governmental agency does not waive the confidential and privileged provisions of the statute in

3. "(b) Information obtained from any employing unit or individual pursuant to the administration of this act, and determinations as to the benefit rights of any individual shall be held confidential and shall not be disclosed or open to public inspection other than to public employees in the performance of their official duties pursuant to the provisions of this act in any manner revealing the individual's or the employing unit's identity, but any information in the commission's possession that may affect a claim for benefits or a charge to an experience record shall be available to the interested parties. Any report or statement, written or verbal, made by any person to the commission, or any member thereof, or to

any person engaged in administering this law, shall be a privileged communication and no person, firm or corporation shall be held liable for slander or libel on account of any such report or statement. Such records and reports in the custody of the commission shall be available for examination by the employer or employee affected." Mich.Stat.Ann. § 17.511(b).

4. Appellant cites Perin v. Peuler, 373 Mich. 531, 130 N.W.2d 4 (1964), to us as applicable. We have reviewed this case and find no similarity between the problems therein considered and those posed by our instant case.

5. John R. Dethmers, now a member of the Michigan Supreme Court.

behalf of the informant when he is involved in a proceeding with another governmental agency foreign to the administration of the Unemployment Compensation Act." Ops. Att'y General, 253–54 (1945).

In the absence of more persuasive authority, we choose to follow the reasoning and interpretation of the Attorney General's opinion.

It might be well to note that subsequent to the proceeding below (and hence not relied upon for our decision) the Michigan Legislature amended the disputed statute to make its confidentiality in the sort of situation we now deal with crystal clear for the future by adding the following sentence:

"Except as hereinafter provided, such information and determination shall not be used in any action or proceeding before any court or administrative tribunal unless the commission is a party or complainant therein." Mich. Stat.Ann. § 17.511(b) (Current Material Supp.1966).

The petition for review is dismissed. The cross-petition for enforcement is granted.