UNITED STATES of America and Joseph A. Dollard, Special Agent, Internal Revenue Service

v.

Americo V. CORTESE, Prothonotary, Court of Common Pleas, Philadelphia County, Pennsylvania.

Misc. A. No. 75–373.

United States District Court, E. D. Pennsylvania.

March 31, 1976.

Paul E. Holl, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Michael L. Seabolt, Alan C. Kauffman, Philadelphia, Pa., for Bar Ass'n.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Before the Court is the Government's petition to enforce internal revenue summons issued pursuant to 26 U.S.C. § 7402(b) in aid of an investigation into the tax liabilities of one Nathan Berlant for the years 1971 through 1974, inclusive. The summons, served upon the respondent, in his capacity as Prothonotary of the Court of Common Pleas for Philadelphia County required his appearance before an officer of the Internal Revenue Service and to bring with him all contingent fee agreements and statements of distribution which were filed with the Prothonotary's office by Nathan Berlant.[1]

The respondent has moved to dismiss the summons contending (1) that service upon him as mere custodian of the documents is improper, and (2) that privilege of confidentiality prevents a Federal forum from ordering the production of the records requested by the petitioner.

The Philadelphia Bar Association as amicus curiae has furnished the Court with a memorandum of law supporting the respondent's contentions.

 The pivotal issue is whether the asserted privilege is applicable in a federal court proceeding. State privilege law will usually apply in diversity cases. However, in a federal question case, federal privilege law will apply. See *Sola Electric Co. v. Jefferson Electric Co.*, 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. 165 (1942). The case may require admission of evidence despite a state rule holding such evidence to be privileged. *Patterson v. Norfolk & Western Railway Co.*, 489 F.2d 303 (6th Cir. 1973). Investiga-

---

1. Mr. Berlant, during the years in issue, was a member of the bar, and the documents sought to be examined were filed by him in compliance with the requirements of Local Rule 202 of the Court of Common Pleas. This rule, in pertinent part provides:

 "Agreements as to Contingent Fees.
 "Agreements between attorney and client relating to compensation wholly or partly on a contingent basis shall be in writing, executed in duplicate. One executed copy shall be delivered to the client at the time of making the agreement, and the other shall be preserved by the attorney for at least two years after final judgment or settlement of the case. Such agreement shall be subject to

 inspection by the Court, by the appropriate committee of the Bar Association of the County or of the Court, and by the Board of Governance of the Supreme Court."
 \* \* \* \* \* \*
 "The prothonotary shall assign to each agreement a number and shall make a record thereof in a separate docket. The Prothonotary shall record in the same docket, the closing statement above referred to. The copy of the agreement, the copy of the closing statement and the docket shall be impounded subject to inspection only by Order of the Court, by the client or by the Disciplinary Board of the Supreme Court of Pennsylvania."

tions for federal purposes may not be prevented by matters depending upon state law. *United States v. Bowman*, 236 F.Supp. 548 (M.D.Pa.1964). A statute dealing with examination of books of taxpayer and witnesses by Commissioner of Internal Revenue will prevail over state law, constitutional or statutory, and the state law, constitutional or statutory, if in conflict, must yield. *Falsone v. United States*, 205 F.2d 734 (5th Cir.) cert. denied, 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375 (1953); *Colton v. United States*, 306 F.2d 633 (2d Cir. 1962).

■ We have examined the cases relied upon by the respondent and those cited in the Bar Association's memorandum and do not find them persuasive. *United States v. Allery*, 526 F.2d 1362, 1366, 440 U.S.L.W. 2292, 2293 (8th Cir. 1976) applied federal law in interpreting common law privilege in observing " . . . [W]e hold, therefore, that this Court, as well as other federal courts, has the right and responsibility to examine the policies behind the federal common law privileges and to alter or amend them when 'reason and experience' so demand." id. at 2291. *Herman Brothers Pet Supply, Inc. v. N. L. R. B.*, 360 F.2d 176 (6th Cir. 1966) applied state law in sustaining the validity of a Michigan statute, (Mich.Stat.Ann. 17.511, Sec. 1(b)) which provided that any information obtained from any employing unit or individual pursuant to the administration of the Unemployment Compensation Act shall be held confidential and shall be a privileged communication. In *Herman Brothers*, it may be of interest to note that the Court acknowledged that its opinion did not rest on judicial precedent but was influenced by the opinion of Michigan's Attorney General. id. at 179, 180. However, the predominant weight of authority is adverse to the legal conclusion relied upon by the respondent. We acknowledge our awareness of the sensitive nature of the controversy but we do not believe that the privilege claimed exists under federal law.

■ We turn now to a consideration of the validity of the service of the summons upon the respondent. Here, the thrust of the respondent's contention is that his function as Prothonotary of the Court is ministerial and that either constructive or real possession of the subpoenaed documents rests with the judges of the state tribunal. Therefore, the court would have to approve the subpoena or in the alternative the subpoena should have been directed to the President Judge of the Court of Common Pleas and not to respondent who is a mere custodian of the records. Cf. *United States v. Allen*, 154 F.2d 959 (8 Cir. 1946).

Sections 7601 and 7602 of the Internal Revenue Code of 1954 provides:

"Section 7601. Canvass of districts for taxable persons and objects

"(a) General rule.—

"The Secretary or his delegate shall, to the extent he deems it practicable, cause officers or employees of the Treasury Department to proceed, from time to time, through each internal revenue district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax, and all persons owning or having the care and management of any objects with respect to which any tax is imposed.

"Section 7602. Examination of books and witnesses

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability, the Secretary or his delegate is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating

to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry."

In our opinion the provisions of Section 7602(1)(2) provide a proper foundation for the issuance of a subpoena directed to the Prothonotary of the Court to produce records which are in his custody.

ORDER

The motion of Americo V. Cortese, Prothonotary of the Court of Common Pleas, Philadelphia County, Pennsylvania, to dismiss the Internal Revenue Summons is DENIED.

The petition of the United States and Joseph A. Dollard, Special Agent, Internal Revenue Service, to enforce the Internal Revenue Summons is GRANTED.

The respondent, Americo V. Cortese, in his capacity as Prothonotary of the Court of Common Pleas or his authorized agent shall appear and produce the books, records, and other data called for by the terms of the summons before Special Agent Joseph A. Dollard, or any other proper officer of the Internal Revenue Service at such time and place as may hereafter be fixed.

IT IS SO ORDERED.