### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### MAYWOOD DO–NUT CO., INC., Respondent.

No. 80–7273.

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 1981.

Decided Oct. 13, 1981.

---

Elliott Moore, N. L. R. B., Washington, D. C., Wilford W. Johansen, N. L. R. B., Los Angeles, Cal., for petitioner.

Steven D. Atkinson, Huntington Beach, Cal., for respondent.

\* The Honorable James F. Battin, Chief Judge, United States District Court of Montana, sitting by designation.

Before DUNIWAY and CANBY, Circuit Judges and BATTIN,\* District Judge.

PER CURIAM.

The National Labor Relations Board petitions for enforcement of its order requiring the Maywood Do-Nut Company to cease and desist from refusing to bargain in good faith with Local 34, Bakery, Confectionary and Tobacco Workers International Union of America. We enforce the order of the Board.

■ The Board's decision and order are reported at 248 N.L.R.B. No. 80. The Board found that the company had violated § 8(a)(5) of the Act, 29 U.S.C. § 158(a)(5), by engaging in dilatory and surface bargaining. The company used negotiators who had no authority to make any concessions, failed to present counterproposals, and failed to meet with the union at reasonable times and places. There is substantial evidence in the record considered as a whole to support the Board's conclusions. Insofar as there was conflicting testimony the Board and administrative law judge did not credit that of the company. We therefore affirm the Board's order. *Seattle First National Bank v. NLRB*, 638 F.2d 1221, 1226 (9th Cir. 1981); *K-Mart Corp. v. NLRB*, 626 F.2d 704, 706 (9th Cir. 1980); *Queen Mary Restaurants Corp. v. NLRB*, 560 F.2d 403, 407 (9th Cir. 1977).

## THE TAPE RECORDINGS

The company argues that the Board erred in excluding from evidence a secretly made tape recording of the October 23 bargaining session. At the October 23 meeting, the parties discussed wage increases, the retroactivity of the collective bargaining agreement, and the signing of the agreement. These negotiations were recorded by the company without the union's permission or

knowledge. The company offered the tape recording to rebut testimony of Bryan, the union's chief negotiator. We conclude that the Board properly excluded the recording from evidence.

■■■ Section 10(b) of the Act, 29 U.S.C. § 160(b), provides that the Board shall conduct unfair labor practice hearings "so far as practicable . . . in accordance with the rules of evidence applicable in the district courts of the United States." Under this statute, the Board is not bound absolutely to apply the Federal Rules of Evidence. *NLRB v. W.B. Jones Lumber Co.*, 245 F.2d 388, 392 (9th Cir. 1957). In this case, the Board excluded the tape recording under the rule of *Carpenter Sprinkler Corp.*, 238 N.L.R.B. No. 139 (1978), enf'd, 605 F.2d 60 (2d Cir. 1979). In *Carpenter Sprinkler*, the Board stated:

> We are convinced that a rule permitting the introduction into evidence of surreptitiously prepared tape recordings of negotiations would inhibit severely the willingness of the parties to express themselves freely and would seriously impair the smooth functioning of the collective bargaining process. Accordingly, we hold that recordings of conversations which are part of negotiations and which are made without notice to a party to the conversations should be excluded from evidence in Board proceedings.

238 N.L.R.B. at 975. In light of the chilling effect which tape recordings would necessarily have on the bargaining process, we think that it was within the Board's discretion under § 10(b) to fashion such a rule, and to exclude from evidence the recording of the October 23 bargaining session. *Carpenter Sprinkler Corp. v. NLRB*, 605 F.2d 60, 66 (2d Cir. 1979); *see NLRB v. Local 90, Operative Plasterers International Association*, 606 F.2d 189, 192 n.2 (7th Cir. 1979).[1]

We recognize that this court has previously stated that § 10(b) does not "justify the exclusion of evidence . . . which it would be error to exclude . . . in a federal district court trial." *General Engineering,*

*Inc. v. NLRB*, 341 F.2d 367, 374 (9th Cir. 1965) (citing *NLRB v. Capitol Fish Co.*, 294 F.2d 868, 872 (5th Cir. 1961)); *see NLRB v. Jacob E. Decker & Sons*, 569 F.2d 357 (5th Cir. 1978) (reaffirming *Capitol Fish Co.*). The considerations which were present in *General Engineering*, however, are not present in this case. In *General Engineering*, the Board attempted to use § 10(b) to shield Board employees from subpoenas for evidence in the employees' possession. The court ruled that the Board itself could not withhold evidence otherwise admissible in federal district court. 341 F.2d at 376. In this case, the Board is not seeking to suppress evidence which is in possession of its employees. Here, the Board has excluded evidence collected in a way which interferes with the smooth functioning of the collective bargaining process. *Carpenter Sprinkler Corp.*, 238 N.L.R.B. at 975; *Bartlett-Collins Co.*, 237 N.L.R.B. No. 106 (1978). That ruling is a permissible exercise of the Board's discretion.

The Board's order is enforced.

---

1. The Board may announce such a principle in an adjudicative proceeding. *NLRB v. Bell*  Aerospace Co., 416 U.S. 267, 290–95, 94 S.Ct. 1757, 1769–72, 40 L.Ed.2d 134 (1974).